Good morning, and may it please the Court, Stephen Maceros for the Appellants, Zerich American and Sunmoon Freight. I guess our position is really very simple here. This is a procedural case. After a default, because the district court judge is the only person who can protect a I've gone through. You got notice, either through ECF, through the electronic filing system or through direct service, of every action every party took in this case. I know you contend that one of them, a clerk, misplaced the notice, but you do agree that you weren't deprived of notice of anything, were you? Correct. It is not the issue of notice. It is what we were the due process rights that we were deprived of. It's under Rule 55. Why is that? That's my question. Rule 55 certainly gives you some procedural rights. Is a violation of Rule 55 a violation of due process? I believe it is. Tell me what case says that. Several of the cases that say that. Now, several cases say one must follow Rule 55, and had you filed a notice of appeal, this case would have been a very easy case. My question is what case says that the Constitution, due process, is violated by not following Rule 55? The all of the cases cited on page 14 of our answering brief, the Mwani case, the William Traders case, the Creswell case. They all say that a failure to follow Rule 55 violates the due process clause of the Constitution. It stands for the proposition that because Rule 55 requires a hearing, if you do not – if the damages are not subject to mathematical calculation, you're entitled to a hearing, which means we would have gotten a notice. No, I absolutely agree. You were entitled under Rule 55 to a hearing. And had you only filed a notice of appeal, something you decided consciously not to do in this case, we would have – we'd be reversing in 5 minutes. My question is why – what case stands for – Rule 55 is a procedural rule, and that rule entitles you to a hearing. But tell me what you cite as authority for the proposition that you're entitled to a hearing before damages are set under the Constitution, which is what due process describes. Well, because, Al, I guess this backs up to whether we got the notice. The notice we did not get was a notice of a hearing. Well, you did get the notice of a hearing. You got – they filed a notice requesting a hearing. Correct. They then filed another – a second notice seeking a default judgment. You didn't respond to that. You knew when the default judgment was entered. You got a notice of the default judgment. You let the time for appeal expire. It was only after all that that you filed your Rule 60b motions. So, you know, I don't think you've got any equity here to say we were mistreated. The question is whether or not the district court deprived you of constitutional due process under the circumstances. I think you're misconstruing the facts. There was no hearing noticed at any event. No, actually, when they filed their first motion for entry of default, they sought a hearing, and the judge said, I'm not going to do that because you need to file a better application. Correct. And then the judge – And when he refiled, there was no notice of a hearing. Why didn't you ask for one? Because he didn't know that the second one was filed. But you have obligations, or your client, the lawyers representing them have obligations. It's not just the court trying your case. When you get notice that the judge said you didn't have enough information, you've got to redo, why didn't you then step in? I mean, I can't figure out why the lawyers in this case didn't do anything to protect their client. I understand your concern over that. I have expressed the same scratching of the head. But when they got the default in the first place, I mean, this whole thing  – when they filed and were permitted to respond on behalf of the insured – Could you just clarify? Let me stop you right there. I had trouble understanding the procedural posture of this. The original motion was to allow the law office of Don Skypec to file responsive pleading on Sun Moon's behalf. Was Zurich – so Zurich hired a lawyer to represent Sun Moon, but I didn't see how Zurich was then inserted into the case. It didn't ask to intervene. It didn't ask Zurich as Zurich to be the legal representative. So how exactly is Zurich involved here? Well, Zurich was Sun Moon's insurance carrier. I understand that, but I'm talking procedurally. Well, and because he couldn't contact Sun Moon, because it no longer existed, normally what you would do is move to intervene, which his motion essentially was. Well, it wasn't. But it wasn't. He didn't say, we'd like to file an answer on Sun Moon's behalf. It said, we'd like our lawyer to represent Sun Moon. It had nothing to do with Zurich. So I'm just puzzled by Zurich's role here. And the district court merely granted that motion to allow an attorney hired by Zurich to appear for Sun Moon. So Zurich was not involved at that point. Other than that, Zurich hired the counsel to file the appearance. Well, that happens all the time, right? An insurance company that didn't stand to defend. It also happens that the attorney who filed the motion was an employee of Zurich at the time. Does that make Zurich have a role in the litigation? It's just that the attorney then has a duty to defend Sun Moon. Not at that point. Okay. So let's assume that Zurich. They were permitted to. I'm sorry. Let's assume that Zurich. For a moment, for just my question. Assume that Zurich is not a party to this case. Only Sun Moon is a party to this case. Who filed the 60B motion? Zurich. Sorry. If Zurich was not a party, why does the 60B, why is it entitled to 60B relief? Well, for two reasons. One is Zurich is the only aggrieved party here at this point. Well, it could have filed the motion on Sun Moon's behalf. Well, it's. The judge had already given them, given Zurich the authority to file an answer on Sun Moon's behalf. But I'm still having trouble, the question Judge Akuta is asking, trying to figure out why Zurich is a party to this case. Well, they're technically not a party. They filed the 60B motion as counsel for Zurich on behalf of Sun Moon. They didn't say that in their motion. They said it was only on their own behalf. There's no mention of Sun Moon in that. Well, they were representing the interests of Sun Moon because Sun Moon was in fact the aggrieved party, because if this judgment is going to get paid, it's going to be paid by Zurich. It's not going to be paid by Sun Moon. So, I mean, in our circuit, a non-party can make these sorts of motions or become involved in appeal only if they were participating in the activities below, but Zurich was not. Zurich didn't even file an answer on, or Zurich's lawyer didn't file an answer on behalf of Sun Moon. Well, technically they did. The problem- What was the answer? All I saw was the motion was granted and then nothing more from Zurich until the 60B motion. Motion for relief to file the attached answer was granted, but then the answer was never filed. Well, that was- And by the way, let me preface all this by saying, I know it's not you, I know it's somebody else. So when I say you, I mean- For the record. I mean, your clients made, your client made these decisions, but they never did file an answer. That's part of the excusable neglect problem here was that he filed a signed answer. He didn't call it a proposed answer. He filed an assigned answer with his motion, and the judge didn't order him to refile the motion, so he believed, in good faith, that because he had filed it with his motion, he had already complied with the judge's order. But then a notice was given that a default was entered, and you don't claim that that notice that default was entered was misplaced. So your client then knows default is entered and must know, oh, my gosh, the judge doesn't think we filed an answer, and they do nothing. Well, they did not. He, according to his affidavit, which requires it to be accepted by the Court for 60B1 purposes, he decided to shorten the process, allow the default, which only applies to liability, get his, what he believed to be his required hearing, and defend only on the damages hearing, which is all we're requesting. So to make it shorter, your client never then contended, oh, no, the default was improper because we filed an answer. Your client said, what the heck, a default has been entered, that's okay with us. Well, it was, why try to set aside a default on liability if I can't contest liability  Well, but the default wasn't just on liability. It was a default. You were defaulted on the complaint. A judgment wasn't entered yet, but the default is that you've defaulted in answering the complaint. Correct. But a default is only effective as to liability. It does not affect damages at all. So he believes under Rule 55, because of the claim, the damages being claimed, he's going to get a hearing. He's going to get notice of a hearing. And then he gets notice twice. He got notice twice. Once he misplaces, but forget that for a second. He gets notice twice that the other side has moved for a default judgment. Correct. And he, your client, does nothing. He may have an excuse, but just let's be clear, he does nothing. He did not respond to the first one. He didn't get the second one. Well, he got the second one. What he says is I put it in the wrong file. I'm not sure that's excusable neglect, but put that aside. Then he gets notice that the judge has actually entered a default judgment. Correct. And does nothing except until we file the Rule 60B motion, right? As far as the affidavit states that by the time he discovered the entry of the default judgment, he filed the motion to set aside. Well, but he got your record. I don't know. The record is clear that ECF, through ECF, the entry was entered on the court document and the ECF, they sent that same day, I know how the District of Arizona works, went to, went to, went to counsel of record to say what the, to say that a default judgment has been entered, right? Presumably, yes. But the record doesn't say that. So then 45 days passed before your client files the 60B motion. Correct. So put all that together. If we, by your argument here, aren't we saying to people, you don't ever have to appeal in these cases? You can bypass the direct appeal process and just wait a while and file a 60B motion. That's what troubles me about your client's position. Well, I understand that, but the record isn't clear when Mr. That's part of the excusable neglect. I don't know when he actually became aware of the judgment. There's nothing in the affidavit that says we didn't learn of the default judgment. But it doesn't state specifically when he discovered it. Well, but we know notice was given on the day it was entered. I understand that. So in the absence of them saying there's no excusable neglect in responding to the default judgment because you're not making a claim we didn't know about it. But the default, but an appeal, whether they waived an appeal or not, doesn't address the 60B motion. Well, it does, because our cases say that 60B is not a substitute for direct appeal. And that's why I think due process means in 60B something like I couldn't possibly have appealed that judgment because I was denied any, nobody ever told me about it. I was denied due process. Well, there's a difference between 60B-4, which is if the judgment is void, it's void. Right. So you don't have to appeal that. But it's only void, it's only void if you agree there was jurisdiction here. So the only question is whether or not there was a denial of due process. Subject matter, yes. Correct, correct. Yes, under due process as we've set forth in our brief. And then 60B-1 can't be addressed in an appeal. So because the judge, it hasn't been raised yet. So you can only raise 60B-1. And if you have to appeal under excusable neglect, you essentially eliminate 60B-1 as a basis for an appeal or for a set-aside judgment under excusable neglect. Because you can almost always, I mean, how many times can you say, well, they should have known, but they didn't act? Tell me, I'm still focusing on the judgment. Let's focus for a second on your failure to appeal the judgment, your client's failure to appeal the judgment. Is there any argument that that was excusable? That he failed to appeal other than he was not aware that? No, he was we've talked about that. He got notice of the judgment. And he doesn't say in his affidavit, I didn't. So what's the excuse? The firm got notice of the judgment, it didn't register up here. So what's the excuse for not appealing? I'm sorry? What's the excuse for not filing a notice of appeal? He was negligent in not discovering he had to appeal. And I'd like to reserve for rebuttal. Good morning, Your Honors, and may it please the Court. My name is Scott Boehm. I'm appellate counsel for Plaintiff Sandy. I just want to, I think, I think. Well, can I start off with? Yeah, yeah, sure, go ahead. You agree that Judge McNamee should have had a default judgment hearing here. No, I don't. Well, you asked for one. Well, we filed. We didn't ask for one. All we did was. You filed a request for a hearing. We filed a form of order setting the hearing. So, but these are not damages for some certain, are they? I mean, you're seeking pain and suffering. Correct. That's correct. So this is the classic case where a judge in a default judgment circumstance should hold a hearing. Well, under some circumstances. The Court has discretion under the, on the merits of the underlying issue, not the 60B. Well, you think that, you think a judge has discretion when you say I've got, I'll make up the number, $500,000 in pain and suffering to say under Rule 55 I can enter a default judgment for that without a hearing? Provided, and this is where the discretion comes in, provided that the plaintiff in his moving papers submits evidence to support the damages and the requests. If a plaintiff says in his moving papers, I've suffered a lot, you know, there's all the things that have happened to me, and I estimate the damages that are relevant to that amount as $500,000. Well, if there's support, I mean. A judge can grant a default judgment hearing, grant default judgment without a hearing under Rule 55. I don't think you can do it just based upon averments of counsel. By the way, let me say, I'm not sure it's essential to your case, but I, my, if this were a case brought up on direct appeal, I must say my inclination would be to say go back, Judge, and hold a default judgment hearing, because you sought intangible damages in addition to property damage and other stuff which can be specified as a damage. Can I ask a question here? Oh, please, Judge, yes. So you first requested damages in the amount of $35,561.26 when you got the first default, and then your demand to the carrier was $58,694.13, and then the judge said, you haven't even alleged the jurisdictional amount, so I'm not going to judge you. So you requested a judgment for $1,592,343.26. Don't you think if there had been a hearing, there might have been some kind of question as to how do you get from $35,000 to $1,005,000, and does that affect the due process rights of the carrier? No, it does not. First of all, I'll answer the due process aspect first. And I think Judge Hurwitz discussed this in the earlier questioning. The fact that Judge McNamee may have been wrong, and I don't think he was in proceeding as he did based upon the evidence that was submitted to him, but if he was wrong in that, and if that was an abuse of discretion not to hold a hearing, that does not a due process violation make. It's simply an error. And the reason that they're claiming a due process violation, and I agree with you, Judge, as we discussed in our brief, none of the cases say that that's a due process violation or that it renders the judgment void. They have to make that argument in order to shoehorn their 60B motion under subsection 4. So at the time the district court was considering this motion, the second motion, there was no interest by anyone. Nobody has expressed interest or participated in the litigation. Is that correct? Yeah, that's absolutely correct. And I wanted to get to that. The factual predicate to your questions to my opponent were all accurate. The Court accurately understands the chronology. It understands, and I think it understands, that we're not up here on a direct appeal from the judgment. I got the Court's little summary of the arguments today, and I understand the Court didn't do it. But it indicates, too, that we're up here on appeal. So what are we on appeal of? We are on appeal of Judge McNamee's denial of the Rule 60B motion. 60B1 and 4? 1 and 4. He addressed them both. He addressed the excusable neglect first. He kind of addressed them in the first order. So he doesn't really address the 60B1 part. He just says no excusable neglect. He doesn't go through any of the factors that we've required under Pioneer. And opposing counsel says, well, that's enough to strike down the decision and to send it back to the district court to do it over. I think the case law says that you don't have to itemize the factors under Pioneer as long as the record and the ruling indicates that those factors were, in fact, considered. And he actually considered them twice, because excusable neglect is also one of the, I'm not sure if I'm pronouncing this case correctly, ITEL, E-I-T-E-L. Excusable neglect is one of the ITEL factors. So it was the lack of excusable neglect, which Justice Hurwitz accurately chronologized in the earlier questioning, was discussed at the time of the default judgment as well. He didn't go through the eight ITEL factors, again, in denying the rule 60C motion or, excuse me, 60B motion. But what he did do is chronologize very curtly and to the point all of the reasons that this was not excusable neglect. And I think I heard Mr. Maceros acknowledge to the Court's questions that there really is no excuse. He just made a mental mistake. Negligence, I think he said, not appealing. And I agree that if this were an appeal from the default judgment that they did get notice of, the issues would be different and the standard of review probably would be different, because the standard of review that we're here on now is essentially a two-tiered abuse of discretion. Was it an abuse of discretion to deny the Rule 60 motion based upon alleged abuse of discretion in not holding a hearing? And it's abuse of discretion at both levels. Now, I don't think the Court even has to reach that for the reasons that I talked about in my brief, that the underlying judgment itself does not come up on appeal from the denial of a Rule 60 motion. It's not a substitute for appeal, and Judge McNamee hit this really hard. The reason for that is twofold, really. The policy is, one, the recognition of finality. But more importantly, I think, is that it prevents the defendant from lying in the weeds, you know, taking your chances, seeing what happens, and then not following any rules, in this case, not following a specific order from Judge McNamee to file your answer. And then if it doesn't turn out the way you want, you don't appeal, having received notice of that default judgment, and then wanting a do-over by getting another lawyer in who takes a fresh look at it as opposed to the in-house counsel. So I think the policy, and Judge Hurwitz, you pointed this out earlier, I think you're exactly right. If the Court were to essentially review the default judgment on appeal from the Rule 60 motion, you would be encouraging that, that kind of behavior, which is just contrary to the purpose of Rule 60. Sotomayor, I'm interested in the affidavit in this case. Am I right in thinking that the only real excuse given was that the second application for default judgment hearing was misplaced? There's no other excuse given other than that, is there? That's correct, and there's no excuse at all. And I think this is – and I don't really mean forget what happened before, but I think the real big elephant in the room is they didn't appeal, and there's no – they don't even offer any excuse or even address why they didn't appeal. Is Zurich a party to this case? I'm sorry? Is Zurich a party to this case? No, they're not, and I did want to get to Judge Akuta's question about that. Arizona has a Supreme Court disciplinary commission ruling in 2001 that's called In re Huser, H-U-S-E-R, that precludes usually defense counsel from representing parties that it can't contact, has had no contact. Well, but what difference does that make? If Judge McNamee had granted Zurich's motion to intervene, maybe defense counsel would have violated Arizona ethical rules, but we would have a party in front of us. Well, it's – I totally agree with you, and that's essentially what happened, again, on appeal, because they're appealing contrary – because both parties appeal. You're exactly right, Judge, that only Zurich filed the post-trial motion. So – so – Well, that's not a ruling that Judge McNamee expressly anticipated in his – in his ruling. Arizona, as I understand it, Arizona does allow insurance companies to come in after a default judgment against their insured and to appeal the default judgment or to intervene. Is that the point of garnishment – is that the point of garnishment rather than just a direct appeal? But is – but – excuse me – but is this applicable in Federal law? Are the Federal rules the same? I don't know the answer to that, Judge. And the – the timeline at which that takes place is typically right off the bat, because the insurance company gets notice right away and they file a motion to intervene, which kind of what happened here. The only – the real problem with Mr. Fitch did here was his initial notice of appearance on behalf of Sun Moon. What he should have done under the ethical rules and under Rule 24 is go to Judge McNamee, that's our money on the hook, we can't fine this guy, can we file an answer as allowed under Arizona's substantive law? And away we go. They did not do that. They didn't – they never did intervene. And then at that point, nothing happened for nine months after repeatedly getting notice of everything. Make sure I've covered everything I wanted to cover here. Oh, you – Judge, you mentioned whether in the area of questioning, I'll address that briefly, I'm slowly running out of time here, whether Zurich should even be up here as a party. And I don't think, and I covered this in my brief, first of all, I think all of the arguments by either party, by either participant here, the defendant or its interlocutor or the insurance company, have all been waived. But Judge McNamee, that's why when Judge McNamee treated this default motion on its merits, he didn't – the motion to set aside the judgment, I'm sorry. He didn't say, Zurich, you're not entitled to be here. He said, it fails on its merits. So why shouldn't we treat it on its merits also? I think you have discretion to do that. And the point that I made is Sun Moon has never showed up. So – and they didn't participate, they didn't file the motion. So they shouldn't be here at all. And to whatever extent they are allowed as the nominal defendant, they've waived all their arguments here because they didn't make them below. And they had the same lawyers, and Fitch even filed that original notice on behalf of Sun Moon before he essentially disappeared. But I think in my position as far as Zurich's arguments to this Court are that they And it's not fair to the plaintiff, and certainly not fair to jurisprudence generally, to have them essentially waste their chance and then come in on appeal and start second-guessing everything that they could have raised legitimately by filing a notice of appeal from the default judgment. And I think ultimately that's where their appeal in this case falls down, because everything that they could – excuse me, everything that they did raise here, all of these issues, the due process issue, the excusable neglect issue, the please reconsider, I tell issue, all three of those issues could have been raised and should have been raised. I don't think they had any merit there. You and I maybe disagree on that. But they should have been raised on appeal from the default judgment. And that's where this case falls down. I'm going to shut up with a minute 22 left. Thank you very much. Thank you for your argument. There's still some time for rebuttal. I only have a few seconds. Again, the Ninth Circuit has recognized a strong public policy to have decisions on the merits. And all we're asking is a hearing on damages with admissible evidence, which should have been done by the district court in this case. And it was the opportunity for a hearing, not the notice that's a critical issue here. He should have had a hearing, which would have sent out a separate notice. Hopefully they would have reconciled that and participated, which is exactly what they intended to do. They tried to shorten the process, not gain any tactical advantage here by not appealing or contesting the liability portion of it and just contesting on damages. The due process that was violated here was the court was required to have a hearing. He didn't do it. Secondly, he was required to rely on admissible evidence, not an affidavit from the hearsay documents. If he had done any, either one of those, we probably wouldn't be here today. Thank you. Thank you. Thank you. Thank the parties for their arguments. The case of Sandy v. Sun Moon Freight is submitted. And the last case for argument is Parasalis v. Sessions.
judges: Ikuta, Hurwitz, Molloy